United States Bankruptcy Court
Southern District of Texas

**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 26-30895** |
| AZHAR CHAUDHARY LAW FIRM, PC, | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |
| | § | |
| HAMZAH ALI, SANAA MOBAYED, | § | |
| ZAKYA ROSHAN KARMALI, and | § | |
| JENNIFER BALCAZAR MARTINEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 26-3036** |
| | § | |
| AZHAR CHAUDHARY LAW FIRM, P.C. | § | |
| and AZHAR CHAUDHARY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION**

This adversary proceeding is before the Court as a result of the removal of Cause No. 18-DCV-249370, styled *Hamzah Ali, et al. v. Azhar Mahmood Chaudhary* ("*Chaudhary*") and Azhar Chaudhary Law Firm, P.C.*,* ("*Chaudhary Law Firm*"), (together "*Defendants*") from the 458th Judicial District Court of Fort Bend County, Texas. ECF No. 1. On March 6, 2018, Hamzah Ali ("*Plaintiff*" or "*Ali*"), filed his original state court petition asserting claims for breach of contract, quantum meruit, breach of fiduciary duty, fraud, negligence, gross negligence, and breach of a settlement agreement. ECF No. 5, Ex. 2. Chaudhary Law Firm removed the action to this Court on February 10, 2026. ECF No. 1. Ali filed his First Amended Complaint (the "*Complaint*") on April 21, 2026. ECF No. 17.

On May 4, 2026, Defendants moved to dismiss the Complaint (the "*Motion to Dismiss*"), ECF No. 25, pursuant to Federal Rule of Bankruptcy Procedure 7012(b), incorporating Federal Rule of Civil Procedure 12(b)(6), arguing that Ali's claims are barred by the doctrines of res judicata and collateral estoppel based on the final judgment entered in Adversary Proceeding No. 22-03154, *Hamzah Ali v. Riverstone Resort, LLC, et al.* (the "*Riverstone Adversary*"). Defendants seek dismissal with prejudice and an award of attorney's fees. *Id*. at 2, ¶ 1.

Ali opposes the Motion to Dismiss on three independent grounds: (1) the bankruptcy court in the Riverstone Adversary did not render a final judgment on the merits of the claims against Chaudhary and Chaudhary Law Firm, and expressly disclaimed jurisdiction or abstained and reserved those claims for state court; (2) even if the constructive-trust limitations ruling in the Riverstone Adversary were a merits judgment, it cannot bar this earlier-filed, timely state action under *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001); and (3) collateral estoppel fails because the issues are not identical and the prior findings were not essential to the judgment, as the Fifth Circuit has already determined in *Matter of Riverstone Resort, L.L.C.*, 122 F.4th 576 (5th Cir. 2024). ECF No. 26. Defendants filed a Reply on June 8, 2026. ECF No. 30. On June 30, 2026, the Court heard oral arguments on the Motion to Dismiss. ECF No. 33. On July 1, 2026, Defendants filed a post-hearing brief in support of the Motion to Dismiss. ECF No. 35.

For the reasons stated herein, the Court finds that the Motion to Dismiss fails on multiple independent grounds, each of which is sufficient to warrant denial. First, res judicata does not apply because the bankruptcy court in the Riverstone Adversary did not render a final judgment on the merits of Ali's claims against Chaudhary and Chaudhary Law Firm. The bankruptcy court expressly abstained from Ali's claims against the non-debtor defendants and reserved those claims for state court. A dismissal for lack of jurisdiction or abstention is not an adjudication on the merits

and cannot support claim preclusion. Second, even if the bankruptcy court's statute-of-limitations dismissal of the constructive trust remedy were treated as a merits judgment, it cannot bar this earlier-filed, timely state action under *Semtek*. The bankruptcy court's limitations ruling addressed the timeliness of a constructive trust remedy first asserted in May 2022 against Riverstone Resort, LLC. That ruling cannot retroactively render untimely the distinct claims Ali asserted against Chaudhary and Chaudhary Law Firm in his March 2018 state court petition. Third, collateral estoppel fails because the issues are not identical. The issue the bankruptcy court decided— whether a May 2022 constructive trust remedy against Riverstone was time barred—is not the same as any issues presented here.

Defendants cannot establish the elements of res judicata or collateral estoppel on the face of the pleadings and judicially noticeable materials. The Motion to Dismiss is therefore DENIED.

## I.    BACKGROUND

### A.  The Original State Court Action

On March 6, 2018, Ali filed suit in the 458th Judicial District Court of Fort Bend County, Texas, Cause No. 18-DCV-249370 (the "*Original State Court Action*"), against Defendants, asserting the following claims: (1) breach of contract; (2) quantum meruit; (3) breach of fiduciary duty; (4) fraud; (5) negligence; (6) gross negligence; and (7) breach of settlement agreement. *See generally* ECF No. 17; ECF No. 5, Ex. 2.  On February 10, 2026, the Defendants initiated this adversary proceeding by filing their notice of removal of the Original State Court Action to this Court. ECF No. 1.  Plaintiff filed his Complaint on April 21, 2026. ECF No. 17. The factual predicate for the instant claims arose from an alleged contract entered into in or around January 2017, whereby Defendants agreed to provide legal services to Ali in connection with a green card application, for which Defendants allegedly charged $835,000.00 in fees. *Id*. at 1. Ali alleged that

Defendants failed to perform their obligations, received payment without providing the promised services, breached their fiduciary duties by charging unreasonable fees, and made misrepresentations regarding the green card application. *Id.* Notably, Defendants rely on res judicata and claim preclusion but do not assert that the Original State Court Action would otherwise be barred by the applicable statute of limitations. *See* ECF No. 25. The Original State Court Action remained pending throughout the subsequent proceedings described below.

### B.  The Riverstone Adversary

More than four years later, on May 16, 2022, while the Original State Court Action remained pending, Ali commenced the Riverstone Adversary. ECF No. 25, Ex. 4. The complaint in the Riverstone Adversary (the "*Riverstone Complaint*"), ECF No. 25, Ex. 1, sought a determination that certain of Riverstone Resort, LLC's ("*Riverstone*") real estate (the "*Property*") was not property of Riverstone's single asset real estate bankruptcy estate and requested that the bankruptcy court impose a constructive trust on the Property. ECF No. 25, Ex. 1, at 7. Ali alleged breach of fiduciary duty and unjust enrichment as predicates for the constructive trust remedy. ECF No. 25, Ex. 1, at 5. In sum, the claims asserted in the Riverstone Adversary were as follows: (1) breach of fiduciary duty against Chaudhary and Chaudhary Law Firm; (2) unjust enrichment against Chaudhary and Chaudhary Law Firm; (3) Declaratory Judgment under 11  U.S.C. § 541 that the Property was not part of Riverstone's bankruptcy estate; and (4) constructive trust remedy against the Property allegedly owned and possessed by Riverstone. ECF No. 25, Ex. 1. In the Riverstone Adversary, Ali requested $835,000 in damages against Chaudhary and Chaudhary Law Firm and to place $835,000 or the Property, the alleged proceeds of the $835,000, under a constructive trust for the benefit of Ali. ECF No. 25, Ex. 1, at 8.  Although the Original State Court Action and the Riverstone Adversary contain similar factual allegations, Ali did not assert the

following claims that were pending in the Original State Court Action: (1) breach of contract; (2) quantum meruit; (3) fraud; (4) negligence (legal malpractice); (5) gross negligence; and (6) breach of settlement agreement. *See* ECF No. 25, Ex. 3; ECF No. 25, Ex. 1.

### C.  The Bankruptcy Court's jurisdictional limitation and express reservation

A bench trial in the Riverstone Adversary was held over two days in March 2023. Adv. No. 22-03154, ECF Nos. 111, 128. On March 30, 2023, the bankruptcy court issued its Memorandum Opinion and Judgment (the "*Memorandum Opinion*" and "*Judgment*"). Adv. No. 22-03154, ECF Nos. 138, 139. In its Memorandum Opinion, the bankruptcy court (1) held that the Plaintiff's request for a constructive trust was time barred by the applicable statute of limitations; (2) "specifically limit[ed] its jurisdiction . . . to the res of the debtor, that is the [Property]"; and (3) found that it "does not have jurisdiction over the other claims of the non-debtor plaintiff against the non-debtor defendants, or alternatively it abstains from jurisdiction over these claims as issues for a state court determination." Adv. No. 22-03154, ECF No. 138, at 1–2.

Although the bankruptcy court found that it did not have jurisdiction over the claims by Ali against Chaudhary and Chaudhary Law Firm, or should abstain from those claims, it nonetheless made findings in favor of Ali that related to the merits of such claims because the court believed the "findings may be useful to the parties." *See* Adv. No. 22-03154, ECF No. 138, at 1–2.

The accompanying Judgment granted a take-nothing judgment only as to the constructive trust relief against Riverstone, and directed that any "other relief against non-debtor parties shall be determined by a state court of competent jurisdiction." Adv. No. 22-03154, ECF No. 139. The Judgment further provided that all "additional claims in this adversary, not adjudicated herein, are also reserved for the state court." *Id*. As explained *infra*, this language was repeated verbatim in

the Amended Final Judgment entered on April 1, 2025. Adv. No. 22-03154, ECF No. 216. The Judgment, among other things, rested on statute-of-limitations grounds. Specifically, the bankruptcy court found in its Memorandum Opinion that the applicable four-year limitations period began on October 26, 2017, and expired on October 25, 2021—before Riverstone filed bankruptcy and before the May 2022 adversary proceeding was commenced. Adv. No. 22-03154, ECF No. 138, at 15–16. The bankruptcy court declined to toll limitations equitably. *Id.* at 16.

### D.  The Fifth Circuit appeal and remand

The March 30, 2023 Memorandum Opinion and Judgment were appealed to the United States District Court for the Southern District of Texas (the "*District Court*") by Chaudhary, Chaudhary Law Firm, and Riverstone, despite that judgment was entered in their favor. Adv. No. 22-3154, ECF Nos. 150–51. The District Court affirmed. Adv. No. 22-3154, ECF No. 173.  The District Court's order was then appealed to the Fifth Circuit Court of Appeals (the "*Fifth Circuit*"). *Riverstone Resort*, 122 F.4th at 579. On December 9, 2024, the Fifth Circuit issued its opinion, reversing the District Court's judgment with instructions to remand the case to the bankruptcy court on the sole issue of equitable tolling.  *Id.* at 579–80.  In its decision, the Fifth Circuit stated that it only needed to address Riverstone's challenge to the bankruptcy court's subject matter jurisdiction "because the bankruptcy court dismissed the claims against Chaudhary and his firm" and concluded that the bankruptcy court had subject matter jurisdiction over the claims against Riverstone. *Id.* at 581–82. Thus, the Fifth Circuit's interpretation of the Memorandum Opinion and Judgment is that the bankruptcy court never exercised its jurisdiction to rule on the claims against Chaudhary and Chaudhary Law Firm in the Riverstone Adversary. *See id.*

Next, the Fifth Circuit found that Chaudhary, Chaudhary Law Firm, and Riverstone all lack standing to appeal because the Judgment was in their favor. *Id.* at 582.

The Fifth Circuit finally turned to Ali's appeal on the issue of whether the bankruptcy court incorrectly refused to toll limitations on his claims against Riverstone. *Id.* at 583. Applying Texas law, the Fifth Circuit held that the bankruptcy court erred by failing to consider whether Ali would be entitled to equitable tolling. *Id.* at 584. The judgment of the District Court, affirming the bankruptcy court's judgment in favor of Riverstone, was reversed, and the Riverstone Adversary was remanded to the District Court with instruction to remand to the bankruptcy court for further proceedings consistent with the Fifth Circuit's opinion. *Id.* In remanding, the Fifth Circuit stated that "[w]e place no limitation on the matters that the bankruptcy or district court may consider or on what decisions they should reach." *Id.*

### E.  Remand and re-entry of judgment

On March 13, 2025, as instructed by the Fifth Circuit, the District Court remanded the Riverstone Adversary to the bankruptcy court for further proceedings consistent with the Fifth Circuit's December 9, 2024 opinion. Adv. No. 22-3154, ECF No. 199. The bankruptcy court then reopened evidence and held an evidentiary hearing on March 31, 2025. Adv. No. 22-3154, ECF No. 212. On April 1, 2025, the bankruptcy court entered its Memorandum Opinion and accompanying Amended Final Judgment (the "*Amended Memorandum Opinion*" and "*Amended Judgment*"). Adv. No. 22-3154, ECF Nos. 214, 216. In the Amended Memorandum Opinion, the bankruptcy court stated that "the Fifth Circuit remanded one issue to the bankruptcy court and affirmed its Judgment after trial (ECF No. 139) in all other respects," and specified that the sole issue that the bankruptcy court had to consider on remand was "whether the statute of limitations was equitably tolled." Adv. No. 22-3154, ECF No. 214, at 1. The sole issue addressed in the Amended Memorandum Opinion was whether the statute of limitations was equitably tolled. *Id*.

On remand, the bankruptcy court held that equitable tolling did not occur as to the claims asserted against Riverstone. *Id*. at 2. The bankruptcy court also acknowledged that the Original State Court Action was still pending at the time. *Id.* at 3. In the accompanying Amended Judgment, the bankruptcy court ordered that "a take nothing judgment is granted in favor of defendants, Riverstone Resort, LLC, Azhar Chaudhary and Azhar Chaudhary Law Firm, P. C." Adv. No. 22-3154, ECF No. 216. The Amended Judgment repeated verbatim the language in the original Judgment: "[a]ny other relief against non-debtor parties shall be determined by a state court of competent jurisdiction. All additional claims in this adversary, not adjudicated herein, are also reserved for the state court." Adv. No. 22-3154, ECF Nos. 139, 216. The Amended Judgment expressly stated that it was a "final order that disposes of" the Riverstone Adversary. Adv. No. 22-3154, ECF No. 216.

### F. Removal and filing of the Complaint

Proceedings in the Original State Court Action continued. On February 10, 2026, Defendants initiated this instant adversary proceeding by removing the Original State Court Action from the 458th Judicial District Court of Fort Bend County, Texas, to this Court pursuant to 28 U.S.C. § 1452(a). ECF No. 1. On April 21, 2026, Ali filed his Complaint in this adversary proceeding, re-alleging the original state-law claims against Chaudhary and Chaudhary Law Firm: (1) breach of contract; (2) quantum meruit; (3) breach of fiduciary duty; (4) fraud; (5) negligence (legal malpractice); (6) gross negligence; and (7) breach of settlement agreement. ECF No. 17.

## II.   JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012-6. *Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). Section 157 allows a district

court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter. 28 U.S.C. § 157(a); *see also Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), this proceeding contains core matters because it concerns administration of the estate. 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." An adversary proceeding falls within the court's "related to" jurisdiction if the "outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Trevino v. HSBC Mortg. Servs. (In re Trevino)*, 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015) (quoting *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987)). The claims asserted herein are related to this chapter 11 bankruptcy case and the outcome of this proceeding could conceivably affect the Debtor's bankruptcy estate because the claims in this adversary proceeding seek to assert liability against the Debtor and its principal. *See* ECF No. 17.

Furthermore, this Court may only hear a case in which venue is proper. 28 U.S.C. § 1409. Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under Title 11 or arising in or related to a case under Title 11 may be commenced in the district court in which such case is pending." Debtor's underlying chapter 11 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper. Bankr. ECF No. 1.

Finally, this Court must evaluate whether it has constitutional authority to enter a final judgment in this case. While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters. *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 668–71 (2015). The Motion to

Dismiss pending before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order or judgment here. *See, e.g., Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547–48 (8th Cir. B.A.P. 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis)*, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' . . . We decline to extend *Stern*'s limited holding herein.") (quoting *Stern*, 564 U.S. at 475, 503). Additionally, this Memorandum Opinion may be entered without a determination of this Court's constitutional authority to enter a final judgment because an interlocutory order is all that is required when denying a motion to dismiss. *Sommers v. Anixter, Inc. (In re Trailhead Eng'g LLC)*, No. 18-32414, 2020 Bankr. LEXIS 3547, at *6 (Bankr. S.D. Tex. 2020).

## III. LEGAL STANDARDS

### A. Rule 12(b)(6) motion to dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure ("*Rule*") 12(b)(6), a plaintiff's complaint must clear two hurdles. First, the complaint must describe the claim in enough detail to give fair notice of the claim and the grounds for it. *See* FED. R. CIV. P. 8(a) (made applicable by FED. R. BANKR. P. 7008). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifics are unnecessary, but some facts must support each element. *Ashcroft v. Iqbal*, 556 U.S. 662, 663

(2009). Second, the complaint must state a claim "plausible on its face," *Twombly*, 550 U.S. at 570, meaning the plaintiff's right to relief must rise above a "speculative level." *Id.* at 555. Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct . . . ." 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ("A complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level.") (citations omitted).

Motions to dismiss are disfavored and thus, rarely granted. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005) (citing *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir. 2000)). When considering a motion to dismiss under Rule 12(b)(6), courts accept well-pleaded allegations as true and liberally construe the complaint in favor of the plaintiff. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986) (citing *Abdul-Alim Amin v. Universal Life Ins. Co.*, 706 F.2d 638, 640 (5th Cir. 1983)). The Court must assess the legal feasibility of the complaint, not weigh the evidence that might be offered in its support. *Koppel v. 4987 Corp.*, 167 F.3d 125, 133 (2d Cir. 1999). A court's consideration "is limited to facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as to matters of which judicial notice may be taken." *Hertz Corp. v. City of New York*, 1 F.3d 121,

125 (2d Cir. 1993). And although this Court "will not strain to find inferences favorable to the plaintiff[]," *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted), the facts need only be sufficient "for an inference to be drawn that the elements of the claim exist." *See Harris v. Fid. Nat'l Info. Serv. (In re Harris)*, No. 03-44826, 2008 Bankr. LEXIS 1072, at *11 (Bankr. S.D. Tex. Apr. 4, 2008) (citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990)). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must meet Rule 8(a)(2)'s pleading requirements.

Fraud claims must, in addition, meet Rule 9(b)'s heightened pleading requirements. Under Rule 9(b), fraud claims must be alleged with particularity concerning the circumstances of fraud. FED. R. CIV. P. 9(b). *See Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 195 (5th Cir. 1996) (upholding district court's dismissal of fraud claims where the plaintiff failed to allege when an allegedly fraudulent sales charge was incurred or the extent of her damages); *Red Rock v. JAFCO Ltd.*, No. 95-20368, 1996 WL 97549, at *3 (5th Cir. 1996) (holding that the plaintiff's allegations did not satisfy Rule 9(b) where they failed to allege the time, place, or content of any misrepresentations). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

Normally, in ruling on a Rule 12(b)(6) motion to dismiss, the Court cannot look beyond the pleadings and must "accept[] as true those well-pleaded factual allegations in the complaint." *Hall v. Hodgkins*, 305 F. App'x. 224, 227–28 (5th Cir. 2008). In addition to facts alleged in the pleadings, however, the Court "may also consider matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996); *see* FED. R. EVID.

201(f) ("Judicial notice may be taken at any stage of the proceeding."). Additionally, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Furthermore, pursuant to Rule 10(c), exhibits attached to a complaint are part of the complaint for all purposes. FED. R. CIV. P. 10(c). It is proper for a Court to consider the exhibits as part of the complaint for purposes of a Rule 12(b)(6) motion. *United States ex rel. Riley v. St. Lukes Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

### B. Affirmative defenses on a Rule 12(b)(6) motion

Res judicata and collateral estoppel are affirmative defenses. *Sacks v. Tex. S. Univ.*, 83 F.4th 340, 344 (5th Cir. 2023) (citing FED. R. CIV. P. 8(c)(1)). They generally cannot be resolved on a Rule 12(b)(6) motion unless the defense is "apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020). Defendants therefore must show that the elements of preclusion are conclusively established by the complaint and the prior-proceeding records they tender.

### C. Res Judicata (claim preclusion)

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ.*, 428 F.3d at 571. In the Fifth Circuit, claim preclusion requires four elements: (1) identical parties or privies; (2) a prior judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same claim or cause of action in both suits. *Id.*; *see also Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 104 n.20 (5th Cir. 1993) ("The preclusive effect of the prior decision of the bankruptcy court is determined under federal res judicata standards.") (quoting *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)). To determine whether both suits involve the same cause of action, the

Fifth Circuit applies the transactional test. *Test Masters Educ.*, 428 F.3d at 571. Under this test, "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* The determination of what constitutes a transaction must be made "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* The party asserting claim preclusion has the burden of proof. *See Sacks*, 83 F.4th at 344.

### D. Collateral Estoppel (issue preclusion)

"Collateral estoppel precludes the relitigation of issues actually adjudicated, and essential to the judgment, in a prior suit between the parties on a different cause of action." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000).

Issue preclusion requires three elements: (1) the issue in the present action must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action. *Recoveredge, L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995), *overruled on other grounds* as recognized by *Husky Int'l Elecs., Inc. v. Ritz (In re Ritz)*, 832 F.3d 560, 565 n.3 (5th Cir. 2016). The Fifth Circuit has recognized that "courts have readily perceived that for purposes of preclusion, 'issues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits be the same.'" *Id.* at 1291. Collateral estoppel "is limited to matters distinctly put in issue, litigated, and determined in the former action." *Brister v. A.W.I., Inc.*, 946 F.2d 350, 354 (5th Cir. 1991) (quoting *Diplomat Elec., Inc. v. Westinghouse Elec. Supply Co.*, 430 F.2d 38, 45 (5th Cir. 1970).

"Not only the facts, but also the legal standard used to assess them, must be identical." *Id.* at 354 n.1. The party invoking collateral estoppel has the burden of proof. *Anderson, Clayton & Co. v. United States*, 562 F.2d 972, 992 (5th Cir. 1977).

## IV.   ANALYSIS

### A.  Pleaded factual allegations

The Court accepts the following well-pleaded factual allegations from the Complaint as true for purposes of the Motion to Dismiss and are restated herein. ECF No. 17. In early February 2017, Ali retained Defendants to provide immigration legal services for himself, his wife, and their two minor children, as well as for additional family members and an employee. *Id.* at 3, ¶¶ 9–13. At the time, Ali resided in the United States under an L-1A nonimmigrant visa and held citizenship of Yemen, and was therefore affected by Executive Order 13769. *Id.* ¶ 11. Following the issuance of that Executive Order, Ali became concerned about his family's ability to remain in the United States and sought to obtain Lawful Permanent Resident status (Green Cards) on an expedited basis. *Id.*

At an initial meeting in early February 2017, Chaudhary represented to Ali that he had access to "high level" United States government officials who could obtain Green Cards on an expedited basis, that those contacts had "delivered" in the past and would "deliver" for Ali, and that Ali could have Green Cards for himself and his immediate family within 30 days. *Id.* at 4, ¶ 15. Chaudhary represented that the fee for such services would be $400,000.00. *Id.* ¶ 16. During that meeting, Chaudhary had Ali sign a check in the amount of $150,000.00 so that Chaudhary could "get started" on the family's Green Cards. *Id.* On or about March 13, 2017, Chaudhary sent Ali a text message containing a copy of a partially illegible white card accompanied by the message "Congratulations!" *Id.* ¶ 18.

On or about March 21, 2017, Chaudhary provided Ali with four white cards and represented that those cards were "temporary" and that the final Green Cards for Ali and his immediate family would be mailed shortly. *Id*. ¶ 19. Chaudhary then demanded the balance of the agreed-upon attorneys' fees. *Id*. In reliance on Chaudhary's representations that the Green Card applications had been approved and were merely awaiting mailing, Ali paid the remaining $250,000.00. *Id*. ¶ 20. Believing that the Green Cards for his immediate family had been obtained, Ali retained Defendants to perform additional immigration work for certain family members and an employee, and paid Defendants an additional $425,000.00 to complete that work. *Id*. ¶ 21. In total, Ali paid Defendants $835,000.00 in purported attorneys' fees. *Id*. at 5, ¶ 23.

On or about October 31, 2017, Ali received a "Request for Evidence" from the United States Citizenship and Immigration Services. *Id*. ¶ 24. The Request for Evidence was the first notice Ali received that the Green Card applications for himself and his immediate family had not in fact been approved or completed. *Id*. ¶ 25. Ali terminated Defendants' services in November 2017 and requested the return of all unearned attorneys' fees and the provision of invoices detailing any work actually performed. *Id*. ¶ 26. Despite repeated requests, Defendants have refused to return any portion of the $835,000.00 paid in exchange for services that were not performed. *Id*. at 6, ¶ 29.

### B.  Defendants' Motion to Dismiss

Defendants move to dismiss the Complaint on the grounds that Ali's claims are barred by res judicata (claim preclusion) and collateral estoppel (issue preclusion) based on the Amended Judgment entered in the Riverstone Adversary. ECF No. 25, at 2, ¶ 1. Ali opposes the Motion to Dismiss, arguing that (1) there is no "final judgment on the merits" of the claims pleaded in the Complaint; (2) the Amended Judgment was based on statute of limitations and therefore does not

bar this separately filed, timely action under *Semtek*; and (3) collateral estoppel fails because the issue decided in the Riverstone Adversary is not the same as the issue presented here. ECF No. 26. The Court will consider each in turn.

1. **Claim preclusion does not apply because the Amended Judgment did not adjudicate the merits of Ali's claims against Defendants**

   a. **The Amended Judgment only resolved the constructive trust remedy against Riverstone**

Both proceedings involve identical parties because the Riverstone Adversary includes claims by Plaintiff against Chaudhary and Chaudhary Law Firm, just as they do in this instant adversary. ECF No. 17; ECF No. 25, Ex. 1. The parties do not dispute that the bankruptcy court had competent jurisdiction to enter its Amended Judgment. *See* ECF Nos. 25, 26. The parties dispute whether the Amended Judgment was a final judgment on the merits and whether it was a judgment on the same claim or cause of action. *See id*. The dispositive question, therefore, is whether the prior proceeding resulted in a "final judgment on the merits" of Ali's claims against Defendants Chaudhary and Chaudhary Law Firm. The record conclusively establishes that it did not.

The Court must determine the preclusive effect of the Amended Judgment as the original Judgment was expressly reversed by the Fifth Circuit on appeal. *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Tr. Co.*, 510 F.2d 272, 273 (5th Cir. 1975) (concluding that a case is only res judicata until it is reversed on appeal). *Riverstone Resort*, F.4th at 584. However, the Court can look at the whole record of the Riverstone Adversary to determine the preclusive effect of the Amended Judgment. *See United States v. Lee*, 622 F.2d 787, 791 (5th Cir. 1980); *see also Chisholm v. Def. Logistics Agency*, 656 F.2d 42, 48 (3d Cir. 1981) (examining the entire record of a proceeding to determine preclusive effect of a judgment).

The Fifth Circuit, on appeal, held that the bankruptcy court had jurisdiction over the claims in the Riverstone Adversary. *Riverstone Resort*, 122 F.4th at 581–82. Abstention occurs when a court declines to exercise or postpone the exercise of its jurisdiction. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). The Amended Judgment expressly stated that: "[a]ny other relief against non-debtor parties shall be determined by a state court of competent jurisdiction. All additional claims in this adversary, not adjudicated herein, are also reserved for the state court." Adv. No. 22-3154, ECF No. 216. Chaudhary and Chaudhary Law Firm were non-debtor parties in the Riverstone Adversary. Adv. No. 22-3154, ECF No. 1. By expressly reserving claims and relief against Chaudhary and Chaudhary Law Firm for state court, the bankruptcy court abstained from reaching the merits of claims asserted against Chaudhary and Chaudhary Law Firm. Adv. No. 22-3154, ECF No. 216.

That the bankruptcy court's dismissal of the claims against Chaudhary and Chaudhary Law Firm was based on abstention becomes more evident when the Amended Judgment is read in context of the entire record. In its original Memorandum Opinion, the bankruptcy court in the Riverstone Adversary found that it did not have jurisdiction over the claims by Plaintiff against Chaudhary and Chaudhary Law Firm, or that it should abstain from those claims. *See* Adv. No. 22-03154, ECF No. 138 at 1–2. The accompanying Judgment granted a take-nothing judgment only as to Ali's constructive trust relief against Riverstone Resort on the basis that the statute of limitations barred such relief. *Id.*; Adv. No. 22-03154, ECF No. 139. On remand, the bankruptcy court again found that the statute of limitations barred Ali's relief against Riverstone because equitable tolling of the limitation period did not occur. Adv. No. 22-3154, ECF No. 214, at 2. In the Amended Judgment, the bankruptcy court ordered that "a take nothing judgment is granted in favor of defendants, Riverstone Resort, LLC, Azhar Chaudhary and Azhar Chaudhary Law Firm,

P. C." Adv. 22-03154, ECF No. 216, at 1. But the Amended Memorandum Opinion did not address the merits of the claims against Chaudhary and Chaudhary Law Firm; it expressly stated that "[t]he sole issue now before this Court is whether the statute of limitations was equitably tolled in this case." Adv. 22-03154, ECF No. 214, at 1. The Amended Memorandum Opinion also acknowledged that the Original State Court Action was still pending at the time. *Id.* at 3.

Accordingly, the Court finds that the Amended Judgment operated as a dismissal of the constructive trust remedy against Riverstone based on statute of limitations and a dismissal of the claims against Chaudhary and Chaudhary Law Firm based on abstention.

### b. A dismissal for lack of jurisdiction or abstention does not constitute a judgment on the merits

It is well settled that a dismissal based on lack of subject matter jurisdiction is not a judgment on the merits for purposes of claim preclusion. *Air Line Pilots Ass'n. Int'l v. Tex. Int'l Airlines, Inc.*, 567 F. Supp. 66, 74 (S.D. Tex. 1983). "A court's dismissal of a case resulting from a lack of subject matter jurisdiction is 'not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.'" *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). When a court lacks jurisdiction over a plaintiff's claims, it is "without authority to dismiss the claims with prejudice because 'a dismissal with prejudice is a final judgment on the merits' of a case." *Griener v. United States*, 900 F.3d 700, 706 (5th Cir. 2018) (citation modified).

A court engages in abstention when it chooses not to exercise jurisdiction, or to defer exercising it. *Colo. River Water Conservation Dist.*, 424 U.S. at 813. Thus, like a dismissal for lack of jurisdiction, a dismissal based on abstention is also not a judgment on the merits because a court does not reach the merits of a case when it abstains from hearing it. *See Foster v. City of El Paso*, 308 Fed. Appx. 811, 812 (5th Cir. Jan. 28, 2009) ("The district court's express purpose in

[abstention] was to avoid reaching the merits, which would likely interfere with pending state judicial proceedings. Accordingly, federal law does not preclude . . . claims in state court.").

Therefore, the Court finds that the bankruptcy court did not enter a final judgment on the merits by dismissing the claims against Chaudhary and Chaudhary Law Firm in the Riverstone Adversary based on abstention.

### c. The limitations dismissal of the constructive trust remedy against Riverstone does not have preclusive effect on claims against Defendants

The preclusive effect of a prior federal judgment is governed by federal common law, not state law. *In re Jefferson Par.,* 81 F.4th 403, 414 (5th Cir. 2023) (citing *Semtek*, 531 U.S. at 508); *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 243 (5th Cir. 1983) (citing *Reimer v. Smith*, 663 F.2d 1316, 1325 n.9 (5th Cir. 1981). This rule applies uniformly to both res judicata (claim preclusion) and collateral estoppel (issue preclusion). *Stovall v. Price Waterhouse Co*., 652 F.2d 537, 540 (5th Cir. 1981). The Fifth Circuit has established that federal law determines the preclusive scope of a prior federal judgment regardless of the basis of the federal court's jurisdiction in either the prior or the present action—even when the federal court sits in diversity or adjudicates claims governed by state law. *Id.* When a federal court dismisses a claim on limitations grounds, the question of whether that dismissal bars subsequent litigation in a different forum or against different defendants requires application of federal preclusion principles. *Semtek*, 531 U.S. at 509.

A dismissal of a claim as time barred under a statute of limitations has been recognized as a judgment on the merits for res judicata purposes. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citing cases). But the Supreme Court teaches that the preclusive effect of a judgment based on statute of limitations is narrow under federal law. *Semtek*, 531 U.S. at 504. The Supreme Court acknowledged that "the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that

dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitation periods." *Id.*

In *Semtek*, the Supreme Court held that a California district court's dismissal of a claim under California's statute of limitations barred refiling of the same claim in that court, but did not necessarily give the judgment claim-preclusive effect in other courts. *Id.* at 506.  The Supreme Court reasoned, in part, that the dismissal by the California district court was entered "only because the California statute of limitations so required; and there is no conceivable federal interest in giving that time bar more effect in other courts than the California courts themselves would impose." *Id.* at 509. *Semtek* concluded that because the claim-preclusive effect of the California district court's dismissal of the plaintiff's action on statute-of-limitations grounds was governed by "a federal rule that in turn incorporates California's law of claim preclusion . . . , the Maryland Court of Special Appeals erred in holding that the dismissal necessarily precluded the bringing of this action in the Maryland courts." *Id.*  As such, under *Semtek*, a statute-of-limitations ruling on one claim does not necessarily preclude a different claim brought against a different party at a different time, even if the claims arise from the same underlying facts. *See id.*

Here, Defendants do not assert that any statute of limitations bar the claims against Defendants in the Original State Court Action, which are now pending before this Court. *See* ECF No. 25. Indeed, the Original State Court Action has been pending since 2018 and Defendants have never raised a statute of limitations defense there. ECF No. 5, Ex. 1, Ex. 2.  The Riverstone Adversary was initiated more than four years later, on May 16, 2022, while the Original State Court Action was still pending. ECF No. 25, Ex. 4. In its original Memorandum Opinion, the bankruptcy court found that the applicable statute of limitations expired on October 25, 2021. Adv.

No. 22-03154, ECF No. 138, at 16. It later found in its Amended Memorandum Opinion that such deadline was not equitably tolled. Adv. No. 22-03154, ECF No. 214, at 2.

The Original State Court Action was filed in 2018, before the 2021 limitations deadline. ECF No. 5, Ex. 2. The bankruptcy court's determination that the constructive trust remedy in Riverstone was time barred (based on accrual in October 2017 and expiration in October 2021) cannot retroactively render the earlier-filed state action untimely or barred. Limitations determinations are inherently claim-specific and filing-date-specific. *See Semtek*, 531 U.S. 497 at 504. A claim that is timely when filed cannot become untimely based on a later court's ruling regarding a different claim filed years afterward. *Id*. Additionally, removal of the Original State Court Action to federal court on February 10, 2026, changed only the forum, not the operative filing date or the substantive posture of the claims. The Original State Court Action remains a March 2018 filing for all purposes of limitations analysis and preclusion doctrine. Removal does not retroactively make a timely state filing untimely, nor does it subject the removed action to preclusive effects of judgments rendered in other proceedings years after the original filing. *See In re Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988).

Thus, the Amended Judgment cannot be given preclusive effect as to the claims in this instant adversary action pursuant to *Semtek*.

d. **The constructive trust remedy dismissed by the Amended Judgment is not the same as the claims in the Original State Court Action**

Defendants rely on the transactional test to argue that all claims arising from the same nucleus of operative facts should have been brought in the Riverstone Adversary and are therefore barred. ECF No. 25, at 6–7, ¶¶ 24–25. The transactional test does not turn the Amended Judgment on the constructive trust remedy against Riverstone into a judgment on the merits against all other

claims brought by Ali. The determination of what constitutes a transaction must be made be made "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Test Masters Educ.*, 428 F.3d at 571.

The constructive trust remedy requested in the Riverstone Adversary was not based on the same transaction as the claims asserted in the Original State Court Action. The Original State Court Action does not request a constructive trust. ECF No. 5, Ex. 2. The primary relief being sought in the instant Complaint is the return of approximately $835,000 in unearned legal fees from Defendants, and the Complaint contains no allegation of any transfer to Riverstone that could give rise to a constructive trust. *Id*. Although the two actions share similar factual allegations, they are not related in motivation. The Original State Court action seeks monetary damages of approximately $835,000, whereas the Riverstone Adversary seeks an ownership interest in property based on Defendants' transfer of funds to Riverstone. *Id*.; ECF No. 25, Ex. 1. Critically, the constructive trust remedy rests on the allegation that Defendants transferred the $835,000 to Riverstone, which then used those funds to purchase the Property, a key allegation that is entirely absent from the Complaint. And the temporal sequence here—timely filing in March 2018, followed by an untimely filing in May 2022—demonstrates that the limitations ruling in the Amended Judgment addresses a distinct legal claim with its own accrual and expiration dates. *See* Adv. No. 22-03154, ECF No. 214. Moreover, Ali did not assert the following claims in the Riverstone Adversary that were pending in the Original State Court Action: (1) breach of contract; (2) quantum meruit; (3) fraud; (4) negligence (legal malpractice); (5) gross negligence; and (6) breach of settlement agreement. *See* ECF No. 25, Ex. 3; ECF No. 25, Ex. 1. Given that the Original

State Court Action and Riverstone Adversary are premised on different motivations and allegations, and bring different claims, the Court finds that the constructive trust remedy is not considered "the same claim or cause of action" as the ones brought in the Original State Court Action under the Fifth Circuit's transactional test. *Test Masters Educ.*, 428 F.3d at 571.

Defendants assert that because a constructive trust is not an independent cause of action under Texas law and plaintiff sought a constructive trust against defendant Riverstone, solely based on the same underlying conduct of Defendants alleged in this instant suit, the bankruptcy court entered a merits judgment against Defendants when it entered judgment against Riverstone. ECF No. 30, at 14–15. But this argument ignores that the bankruptcy court's dismissal in the Riverstone Adversary was not based on the merits of Ali's claims against Chaudhary and Chaudhary Law Firm. Rather, it was based on time limitations affecting the remedy sought against Riverstone. Adv. No. 22-03154, ECF No. 214. Under the Amended Judgment, Ali remained free to pursue his claims against Chaudhary and Chaudhary Law Firm in state court, even if he could no longer obtain a constructive trust remedy against Riverstone based on those claims. Adv. No. 22-03154, ECF No. 216.

## 2. Claim splitting doctrine is not applicable

Defendants invoke claim splitting, a doctrine grounded in res judicata principles, to argue that the present claims should have been consolidated with the Riverstone Adversary. ECF No. 25, at 10–11, ¶ 35. Under Fifth Circuit precedent, "the rule against claim splitting prohibits a party . . . from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants." *Gen. Land Office of Tex. v. Biden*, 71 F.4th 264, 269 (5th Cir. 2023). However, the claim splitting doctrine presupposes the existence of all four elements of res judicata, including a final judgment on the merits by a court of competent jurisdiction. *See id.*  In this case, the

necessary elements are absent. Mainly, the bankruptcy court in the Riverstone Adversary did not render a final judgment on the merits with respect to Ali's claims against Chaudhary and Chaudhary Law Firm. Adv. No. 22-03154, ECF No. 216. Instead, the court abstained or declined jurisdiction over those claims. *Id.* And critically, the Original State Court Action against Chaudhary and Chaudhary Law Firm was never extinguished or concluded by the Riverstone Adversary. *Id.* The Original State Court Action remained pending throughout the adversary proceeding and continues to exist as a separate, ongoing litigation. Because the first-filed Original State Court Action was not terminated by a final judgment, and the later-filed Riverstone Adversary did not resolve the claims against Chaudhary and Chaudhary Law Firm on the merits, the conditions necessary for claim splitting to apply are not satisfied. *See Armadillo Hotel Grp., L.L.C. v. Harris*, 84 F.4th 623, 628 (5th Cir. 2023).

Moreover, "[t]he prohibition against splitting a cause of action and the rather Draconian remedy of barring the subsequently filed suit must be applied with discretion and flexibility." *Hayes v. Solomon*, 597 F.2d 958, 983 (5th Cir. 1979). It would be inappropriate and inequitable in this case to dismiss the claims in the Complaint based on the claim-splitting doctrine when the bankruptcy court reserved the instant claims for adjudication by another court. Adv. No. 22-03154, ECF No. 216.

### 3. Collateral estoppel fails because the issues are not identical

Issue preclusion requires that the identical issue was actually litigated and fully and fairly litigated in the prior action, and that the issue was essential to the prior judgment. *Recoveredge*, 44 F.3d at 1290.

In the Amended Memorandum Opinion, the bankruptcy court explicitly stated that the sole issue that the bankruptcy court had to consider on remand was "whether the statute of limitations

was equitably tolled." Adv. No. 22-3154, ECF No. 214, at 1. This was the sole issue actually litigated on remand in the Riverstone Adversary, and it was essential to the Amended Judgment. *Id*.; Adv. No. 22-3154, ECF No. 216.   But the issue of statute of limitations or tolling is not present here because the parties do not dispute that the Original State Court Action was timely filed and removed to this Court. ECF No. 25; ECF No. 26. And even if a statute of limitations defense was raised here, a limitations determination is filing-date-specific by nature. *See Semtek*, 531 U.S. 497 at 504. A holding that one pleading was late says nothing about whether an earlier pleading was timely. The issue the bankruptcy court decided was narrow and specific: whether a constructive trust remedy against Riverstone's property, asserted for the first time in May 2022, was time barred under the applicable statute of limitations. Adv. No. 22-03154, ECF Nos. 214, 216. The limitations issue that could be presented in the current action is entirely different: whether Ali's 2018 state-law claims against Chaudhary and Chaudhary Law Firm—for breach of contract, quantum meruit, breach of fiduciary duty, fraud, negligence, gross negligence, and breach of settlement—are timely. These issues differ in three critical respects: (1) party (Riverstone versus Chaudhary and Chaudhary Law Firm); (2) claim (an equitable constructive trust remedy versus legal causes of action); and (3) filing date (May 16, 2022 versus March 6, 2018).

Accordingly, the Court finds that the Amended Judgment does not have any collateral estoppel effect on any issues in this instant adversary.

For the foregoing reasons, Defendants have failed to demonstrate that the elements of res judicata or collateral estoppel are conclusively established on the face of the pleadings and judicially noticeable materials. The Amended Judgment in the Riverstone Adversary did not adjudicate the merits of Ali's claims against Chaudhary and Chaudhary Law Firm. The bankruptcy court expressly abstained and reserved those claims for state court. A jurisdictional or abstention

dismissal is not a judgment on the merits and cannot support claim preclusion. Even if the constructive-trust limitations ruling were treated as a merits judgment, it cannot bar this earlier-filed, timely state action under *Semtek*. A limitations dismissal of a May 2022 claim cannot retroactively render a March 2018 claim untimely or barred. Collateral estoppel fails because the issues are not identical. The Complaint states plausible claims. Defendants' only asserted basis for dismissal—preclusion—is refuted by the record. Finally, there is no basis to award dismissal with prejudice or attorney's fees.

## V.   CONCLUSION

For the reasons stated herein, the Court finds that the Motion to Dismiss fails on multiple independent grounds, each of which is sufficient to warrant denial. First, res judicata does not apply because the bankruptcy court in the Riverstone Adversary did not render a final judgment on the merits of Ali's claims against Chaudhary and Chaudhary Law Firm. The bankruptcy court expressly abstained from Ali's claims against the non-debtor defendants and reserved those claims for state court. A dismissal for lack of jurisdiction or abstention is not an adjudication on the merits and cannot support claim preclusion.  Second, even if the bankruptcy court's statute-of-limitations dismissal of the constructive trust remedy were treated as a merits judgment, it cannot bar this earlier-filed, timely state action under *Semtek*. The bankruptcy court's limitations ruling addressed the timeliness of a constructive trust remedy first asserted in May 2022 against Riverstone Resort, LLC. That ruling cannot retroactively render untimely the distinct claims Ali asserted against Chaudhary and Chaudhary Law Firm in his March 2018 state court petition. Third, collateral estoppel fails because the issues are not identical. The issue the bankruptcy court decided—whether a May 2022 constructive trust remedy against Riverstone was time barred—is not the same as any issues presented here.

Defendants cannot establish the elements of res judicata or collateral estoppel on the face of the pleadings and judicially noticeable materials. The Motion to Dismiss is therefore DENIED. An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

**SIGNED Tuesday, July 21, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**